**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6045

JOVAN M. BROWN,

Plaintiff - Appellant,

v.

RON LAWRENZ; ERIC RAMOS; LISA YOUNG,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:22-cv-01705-HMH)

Submitted:  May 30, 2024                              Decided:  June 4, 2024

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Jovan M. Brown, Appellant Pro Se.  Daniel Quintin Atkinson, Mark Victor Gende, SWEENY, WINGATE & BARROW, PA, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jovan M. Brown seeks to appeal the district court's September 7, 2023, order accepting the magistrate judge's recommendation, granting Defendants' motion for summary judgment, and dismissing Brown's 42 U.S.C. § 1983 action. In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). The district court may reopen the time to file an appeal if: (1) the court finds that the movant did not receive proper notice of the entry of the judgment within 21 days after entry; (2) the motion to reopen the appeal period is filed within 180 days after the order is entered or within 14 days after the movant receives proper notice of the entry, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6); *see* Fed. R. Civ. P. 77(d). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Brown asserts that he did not receive timely notice of the entry of the district court's judgment. We construe his December 11, 2023, letter as a motion to reopen the appeal period under Rule 4(a)(6).* Accordingly, we remand to the district court for the limited purpose of determining whether to reopen the appeal period.

*REMANDED*

---

* Because Brown filed the notice of appeal more than 30 days after the appeal period expired, the motion cannot be construed as a Rule 4(a)(5) motion for extension of time to file a notice of appeal.

2